# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FALASHA ALI,

    Plaintiff,

v.

CITY OF NORTH LAS VEGAS, et al.,

    Defendants.

Case No. 2:15-CV-02171-KJD-GWF

**ORDER**

    Presently before the Court are Defendants' Motion to Dismiss (#15) and Defendants' Motion for Sanctions and Dismissal (#32). Plaintiff filed a response in opposition (#36) to Defendants' Motions for Sanctions and Dismissal (#32).

**A. Background**

    Plaintiff is an inmate who was housed at the North Las Vegas Detention Center (hereinafter referred to as "NLVDC") from March 2007 through November 2008. On May 16, 2016, Plaintiff filed a complaint alleging several violations of 42 USC §1983. Plaintiff's first claim for relief asserts that he was the victim of discrimination under the Americans with Disabilities Act, 42 USC §12101 (hereinafter referred to as "ADA"), for a period of time from January 2007 through November 2008 when Plaintiff was housed in secure housing unit (hereinafter referred to as "SHU") due to mental illness. Plaintiff's second claim alleges violations of various Fourteenth Amendment rights from January 2008 through November 2008, specifically, that Plaintiff was placed in SHU for more than five-hundred days, nearly twenty-four hours a day. Finally, Plaintiff's third claim alleges violations of the First, Sixth, Eighth, and Fourteenth Amendments when he was denied drug/alcohol treatment, religious services, access to the law library, communal dining, outdoor recreational activities, and

medical care. Plaintiff further alleges that his due process rights were violated during November 2008.

In 2:10-cv-01690-KJD-PAL (hereinafter referred to as the "prior case") Plaintiff filed a complaint on September 28, 2010 alleging substantially similar allegations as those alleged in the instant matter. See Case No. 2:10-cv-01690-KJD-PAL.  On January 14, 2014, the Ninth Circuit issued a Mandate wherein it reversed and remanded Plaintiff's appeal with respect to the City of North Las Vegas to this Court for dismissal due to lack of proper service. See (#37 in 2:10-cv-01690-KJD-PAL). This Court subsequently issued its Order on Mandate (#40 in 2:10-cv-01690-KJD-PAL), complying with the order of the Ninth Circuit and dismissing the claims against the City of North Las Vegas without prejudice.  Plaintiff then filed an Amended Complaint (#41 in 2:10-cv-01690-KJD-PAL) on May 9, 2014 after the action had been closed. The Complaint in this case was filed on November 13, 2015 and served on the City on July 15, 2016. However, the Complaint was never served on the other named Defendant, Joseph Chronister.  The Complaint also names three Doe defendants who have not been identified.

On August 3, 2016, Defendants filed a Motion to Dismiss, based primarily on the expiration of all statutes of limitation.  Plaintiff did not file a response. Rather, Plaintiff made two requests for extensions of time, citing extreme difficulties he has experienced in preparing a response due to his incarceration and various events occurring at the facility where he was incarcerated. The most recent of those requests was filed on October 14, 2016 which indicated that due to a prison lock down, he did not have access to the law library or case law.  Plaintiff also requested that the Court contact the prison to verify his statements.

Defendants submitted a declaration of Thomas Quintana, a correctional counselor at the facility where Plaintiff was incarcerated at the time of the prison lock down – Florence Correctional Institution (hereinafter referred to as "FCI"), with their Motion for Sanctions and Dismissal (#32). Mr. Quintana confirmed the occurrence of the lock down, however, he stated in his declaration that Plaintiff's statements regarding the prison lock down were false. For instance, only the general

population was subject to the lock down. Plaintiff was not in the general population at that time. Rather, he was housed in SHU from August 1, 2016 through October 24, 2016, when he was transferred to another facility. During that time, Plaintiff had access to the prison's email system and electronic law library.

**B. Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the

claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

### C. Statute of Limitations

To state a cause of action under Section 1983, the claimant must allege (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was caused by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A Section 1983 civil rights claim accrues when a party knows or has reason to know of the injury which is the basis of his or her claim. In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that claims based on Section 1983 are to be characterized as personal injury actions for statute of limitations purposes.  While federal rather than state law governs the characterization of Section 1983 claims for statute of limitations purposes, the length of a limitations period as well as any questions of tolling and application are to be governed by state law. Id. In Nevada, the statute of limitations for a personal injury claim is two years, thus the statute of limitations for Section 1983 purposes is two years. See NRS 11.190(4)(e). Plaintiff's Complaint alleges incidents that occurred in 2007 and 2008, more than two years ago.  Thus, Plaintiff has failed to bring this action within the applicable statute of limitations.

Further, despite filing two motions for extensions of time (## 23 & 30) to respond to Defendants' Motion to Dismiss – the first of which this Court granted – as of the date of this Order, Plaintiff has failed to file a response within the time period established by the Court.  While pleadings filed by pro se parties are to be liberally construed, pro se parties must adhere to both Local and Federal rules of procedure.  The Court does not find that Plaintiff has adhered to these rules. Further, this Court does not find that Plaintiff exhibited diligence in this matter.  As a result, Plaintiff's causes of action pursuant to Section 1983 are barred by the applicable two-year statute of limitations and must be dismissed.

**E. Motion for Sanctions and Dismissal**

With respect to Defendants' Motion for Sanctions and Dismissal (#32), Plaintiff's response was not filed within fourteen days as required by Local Rule 7-2(b). Plaintiff waited thirty days to file his response.  Again, the Court does not find that Plaintiff has adhered to both Local and Federal rules of procedure.  Further, based on Plaintiff's pattern of activity, this Court finds that Plaintiff has caused substantial delay in the resolution of this matter.  As a result, Defendants' Motions to Dismiss are **GRANTED**.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#15) and Defendants' Motion for Sanctions and Dismissal (#32) are **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims now pending before this Court are **DISMISSED**.

DATED this 22nd day of March 2017.

Kent J. Dawson
United States District Judge