# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FALASHA ALI,

    Plaintiff,

v.

CITY OF NORTH LAS VEGAS et al.,

    Defendants.

Case No. 2:15-cv-02171-KJD-GWF

**ORDER**

Presently before the Court is Plaintiff's Motion to Alter or Amend the Judgment (#56). Defendants filed a response (#57).

**I. Background**

On August 3, 2016, Defendants filed a Motion to Dismiss (#15) based primarily on the expiration of the relevant statutes of limitation. Plaintiff did not file a response. On March 22, 2017, this Court granted Defendants' Motion to Dismiss and Defendants' Motion for Sanctions and Dismissal, and ordered that Plaintiff's claims then pending before this Court be dismissed (#50). On April 24, 2017, Plaintiff filed the present motion.

**II. Legal Standard**

Reconsideration of a final order under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was

manifestly unjust; or (3) there is an intervening change in controlling law. See School Dist. No. 1J. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Motions made under Rule 59(e) "should not be granted absent highly unusual circumstances." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Additionally, a motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

The Court notes that Plaintiff is *pro se*, meaning his submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Accordingly, the Court will liberally construe Plaintiff's pleadings. However, liberal construction of *pro se* pleadings does not excuse *pro se* litigants from adhering to the rules of procedure. See U.S. v. Merrill, 746 F.2d 458, 465 (9th Cir. 1984). "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**III. Analysis**

Plaintiff has failed to timely file his motion. Rule 59(e) requires that a motion to alter or amend a judgment be filed no later than 28 days after the entry of the judgment. Plaintiff filed his motion on April 24, 2017, 32 days after the entry of the final order in question. While the Court liberally construes *pro se* pleadings, that lenience does not excuse Plaintiff from being required to comply with the Federal Rules of Civil Procedure. Thus, Plaintiff's motion is untimely, and cannot be considered.

Even if Plaintiff had timely filed his motion, he fails to put forth any newly discovered evidence, evidence of clear error or that the Court's decision was manifestly unjust, nor any change in controlling law. Plaintiff cites to Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015) as grounds for his argument. However, Kingsley was decided in 2015, prior to Plaintiff filing this case. As such, it is not intervening, and is not grounds for reconsideration. Rule 59(e) motions are not vehicles to reiterate unsuccessful arguments previously presented, nor is it an abuse of discretion for a court to

decline to address an issue raised for the first time in a motion for reconsideration. See 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995). Thus, the Court denies Plaintiff's Motion to Amend or Alter the Judgment.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend the Judgment (#56) is **DENIED**.

DATED this 19th day of January, 2018.

_____
Kent J. Dawson
United States District Judge

3