# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FALASHA ALI,

    Plaintiff,

v.

CITY OF NORTH LAS VEGAS and
JOSEPH CHRONISTER,

    Defendants.

Case No. 2:15-cv-02171-KJD-GWF

**ORDER**

Presently before the Court is Plaintiff's Notice of Appeal (#59) referred to this Court for the limited purpose of determine whether in forma pauperis status should continue for this appeal, or whether the appeal is frivolous or taken in bad faith. Plaintiff currently appeals this Court's order denying his Motion to Alter or Amend the Judgment (#58). In that order, this Court reconsidered Plaintiff's claims that it had previously dismissed, and arrived at the same conclusion— that those claims were without merit because the relevant statute of limitations had expired. Plaintiff does not include any reason why this Court's previous two determinations were incorrect; he simply submits a single sentence appealing the decision.

Revocation of in forma pauperis status is appropriate where the district court finds the appeal to be frivolous. See 28 U.S.C. § 1915(a)(3); Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). "28 U.S.C. § 1915(a) requires in forma pauperis status to be authorized for an appeal as a

whole and not on a piecemeal basis by particular claims. . . . If at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole." Hooker, 302 F.3d at 1092.

All of Plaintiff's claims were dismissed for failure to comply with the relevant statute of limitations. A Section 1983 civil rights claim accrues when a party knows or has reason to know of the injury which is the basis of his or her claim. Claims based on Section 1983 are to be characterized as personal injury actions for statute of limitations purposes. Wilson v. Garcia, 471 U.S. 261, 261 (1985). While federal law rather than state law governs the statute of limitations characterization of Section 1983 claims, the length of a limitations period as well as any questions of tolling and application are to be governed by state law. Id. In Nevada, the statute of limitations for a personal injury claim is two years; thus the statute of limitations for Section 1983 purposes is two years. See NRS 11.190(4)(e).

The events upon which Plaintiff's claims rely took place on January 1, 2007, December 25, 2007, and October 1, 2008. Plaintiff filed his complaint on November 13, 2015, seven years after the final relevant incident took place, and five years after the statute of limitations had expired. Thus, Plaintiff's current appeal is straightforwardly frivolous.

On September 28, 2010, Plaintiff filed a previous case and complaint, 2:10-cv-01690-KJD-PAL ("prior case"), making substantially similar allegations as those alleged in the present matter. In that prior case, the Ninth Circuit issued a Mandate reversing and remanding Plaintiff's appeal with respect to the city of North Las Vegas to this Court for dismissal due to lack of proper service. See 2:10-cv-01690-KJD-PAL, #37. On May 14, 2014, this Court then issued its Order on Mandate (#40), complying with the order of the Ninth Circuit and dismissing the claims against the City of North Las Vegas without prejudice.

Even taking this prior case into account, Plaintiff's appeal remains frivolous. After this Court issued its Order on Mandate dismissing Plaintiff's claims, he waited an additional two years to file his present claims. His prior case complaint was filed on September 28, 2010, two days before the

2

statute of limitations would run on claims related to his last alleged incident. The two years between this Court's Order on Mandate and Plaintiff filing the present complaint are not tolled, the statute of limitations expired, and his appeal remains frivolous.

Accordingly, this Court finds Plaintiff's appeal is frivolous, and hereby REVOKES Plaintiff's in forma pauperis status.

DATED this 23rd day of February, 2018.

_____
Kent J. Dawson
United States District Judge